DAVID B.A. DEMO (SBN 153997)
(ddemo@plawp.com)
ANDREW P. COLLIER (SBN 232647)
(acollier@plawp.com)
PACIFIC LAW PARTNERS, LLP
2000 Powell Street, Suite 950
Emeryville, CA  94608
Tel:   (510) 841-7777
Fax:  (510) 841-7776

Attorneys for Plaintiff
MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     vs.<br><br>CESAR DELGADO dba CEDELCO CONSTRUCTION; FOUR BOYS HOLDINGS, LLC,; JAROS RICKMEYER; SUSAN RICKMEYER; and CEDELCO CONSTRUCTION, INC,<br><br>            Defendants | Case No.: 8:18-cv-01391-JVS-ADS<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") alleges the following:

**PARTIES**

1.     MUSIC is, and was at all times mentioned in this First Amended Complaint ("FAC"), an insurance company incorporated under the laws of New Jersey and headquartered in New Jersey.

/ / /

2. Defendant Cesar Delgado dba Cedelco Construction ("C. Delgado") is, and was at all times mentioned in this FAC, a resident of California and the sole proprietor of the business operated under the name Cedelco Construction.

3. Defendant Four Boys Holdings, LLC ("FBH") is, and was at all times mentioned in this Complaint, a limited liability company organized under the laws of Texas, with its principal place of business in Orange County, California.

4. The sole member of FBH is defendant Jaros P. Rickmeyer ("J. Rickmeyer"). J. Rickmeyer is, and was at all times mentioned in this Complaint, a resident of Orange County, California.

5. Defendant Susan Rickmeyer ("S. Rickmeyer") is, and was at all times mentioned in this Complaint, a resident of Orange County, California.

6. Defendant Cedelco Construction, Inc. is a corporation organized under the laws of California and with its principal place of business in California. It is separate and distinct from sole proprietor C. Delgado dba Cedelco Construction.

## JURISDICTION

7. For diversity purposes, MUSIC is a citizen of New Jersey, and all of the defendants, including the sole member of FBH, are citizens of California. This court has original jurisdiction under 28 U.S.C. §1332, because this is a civil action between citizens of different states in which the matter in controversy, exclusive of costs and interest, exceeds seventy-five thousand dollars ($75,000.00).

## VENUE

8. A substantial part of the events that gave rise to this action occurred in Orange County, California, including the underlying lawsuit, which was filed and is pending in Orange County Superior Court.

/ / /

/ / /

## UNDERLYING LITIGATION

9. At all times relevant to this FAC, C. Delgado owned and operated Cedelco Construction as a sole proprietor and held a Class B contractor's license, License No. 896493 issued by the California Contractors State License Board.

10. MUSIC is informed and believes, and on that basis alleges, that Mark Rees ("Rees") and Saul Delgado are and were at all times relevant to this FAC, members of Midoros LLC ("Midoros"), a California limited liability corporation.

11. In May 2016, defendants J. Rickmeyer and S. Rickmeyer ("Rickmeyers") hired Midoros to perform work at 18202 Abbott Lane, Villa Park, California ("Property"). The work, which began in June 2016, consisted of demolition of the house on the Property and construction of a new house on the Property ("the Project").

12. C. Delgado alleges he acted as general contractor for the Project; the Rickmeyers allege C. Delgado did no work and had no involvement with the Project.

13. In July 2017, the Project was abandoned.

14. Midoros and C. Delgado filed a complaint on November 1, 2017, against FBH, J. Rickmeyer, S. Rickmeyer, and Does 1 through 50 in Orange County Superior Court, commencing *Cesar Delgado, et al., v. Four Boys Holdings, LLC, et al.*, Case No. 30-2017-009952968 ("Delgado Action").

15. On January 25, 2018, FBH, J. Rickmeyer, and S. Rickmeyer filed a Cross-Complaint ("Underlying Cross-Complaint") in the Delgado Action, commencing the cross-action entitled *Four Boys Holdings, LLC, et al., v. Cesar Delgado, et al*. The Underlying Cross-Complaint named the following cross-defendants: C. Delgado; Cedelco Construction, Inc.; Midoros; Rees; Saul Delgado; and Caboraca Investments, Inc. A true and correct copy of the Underlying Cross-Complaint, is attached and incorporated in this Complaint as **Exhibit 1.**

16. The Underlying Cross-Complaint sets forth the following causes of action:

- First Cause of Action for Disgorgement, against Midoros, Caboraca Investments, Inc., Cedelco Construction, Inc., C. Delgado, Rees, and Saul Delgado;
- Second Cause of Action for Negligence, against Midoros, Rees, Saul Delgado, C. Delgado, Cedelco Construction, Inc., and Caboraca Investments;
- Third Cause of Action for Breach of Implied Warranty, against Midoros, Rees, Saul Delgado, Cedelco Construction, Inc., and Caboraca Investments, Inc.;
- Fourth Cause of Action for Discharge of Mechanic's Lien, against C. Delgado, Midoros, Rees, and Saul Delgado; and
- Fifth Cause of Action for Unfair and Unlawful Business Practices in violation of California Business and Professions Code section 17200, against C. Delgado, Cedelco Construction, Inc., Caboraca Investments, Inc., Midoros, Rees, and Saul Delgado.

17. The Underlying Cross-Complaint requests the following relief:

- Damages in excess of $827,000;
- Disgorgement of compensation paid, approximately $1,400,000;
- An order discharging and striking a mechanic's lien on the Property;
- Injunctive relief prohibiting conduct alleged in the Fifth Cause of Action for Unfair and Unlawful Business Practices;
- Attorneys fees; and
- Costs of suit.

18. The Underlying Cross-Complaint alleges that the Rickmeyers dealt exclusively with Saul Delgado and Rees regarding the Project, that all payments made for the Project were payable to Midoros, and C. Delgado provided no

construction services or materials and never met or communicated with the Rickmeyers regarding the Project.

19. The Underlying Cross-Complaint also alleges that C. Delgado loaned his general contractor's license to Saul Delgado, Rees, Midoros, Cedelco Construction, Inc., and Caboraca Investments, Inc., to perform unlicensed and deficient construction at the Property. The Underlying Cross-Complaint further alleges that C. Delgado's contractor's license was suspended during at least part of the time when C. Delgado was loaning his contractor's license to others.

20. The Underlying Cross-Complaint also alleges that in May 2016, Rees told the Rickmeyers that Midoros could complete the Project for less than the bid the Rickmeyers had received from a third party.

21. The Underlying Cross-Complaint further alleges that that Rees told the Rickmeyers that Saul Delgado would be the Project manager, and the contractor's license would be Cedelco Construction's. (Paragraph 30 of Underlying Cross-Complaint.)

22. The Underlying Cross-Complaint further alleges that the work done on the Project was defective.

23. The Underlying Cross-Complaint alleges that as a result of a payment dispute, the underlying cross-defendants abandoned the Project on July 13, 2017, by which time the Rickmeyers had paid Midoros approximately $1,400,000; the Project was only 50% completed. The Underlying Cross-Complaint further alleges that the Rickmeyers subsequently hired a general contractor to repair the defective work and to work toward completion of the Project.

24. The Underlying Cross-Complaint alleges that C. Delgado recorded a mechanic's lien against the Property on August 24, 2017, and that C. Delgado signed the mechanic's lien under oath with knowledge of the falsity of statements therein.

25. The Underlying Cross-Complaint alleges that a lis pendens was

recorded against the Property in November 2017, following the filing of the Delgado Action.

26. C. Delgado tendered the Underlying Cross-Complaint to MUSIC, requesting that MUSIC defend and indemnify C. Delgado.

## MUSIC POLICY

27. Before the Underlying Cross-Complaint was filed, MUSIC issued a Commercial General Liability Policy ("Policy") to C. Delgado. Policy number MP0004007007815 had a term of August 11, 2016 to August 11, 2017, and policy number MP0004007010703 had a term of August 11, 2017 to August 11, 2018. The policy forms and endorsements for both terms are identical, except for premiums. A true and correct copy of policy number MP0004007007815 is attached and incorporated in this Complaint as **Exhibit 2.**

28. Insurance benefits due and owing to C. Delgado, if any, are limited by the terms and conditions of the Policy, including but not limited to, conditions and exclusions, declarations, endorsements, and coverage limits.

29. The Policy contains the following relevant provisions regarding liability coverages:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** — Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**    **Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

    **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

  **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during

the policy period.

        \* \* \*

30. The Policy contains the following definition of who qualifies as an insured:

**SECTION II — WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

\* \* \*

31. The Policy contains the following definitions relevant to coverage for the Underlying Cross-Complaint:

**SECTION V – DEFINITIONS**

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**16**.    "Products-completed operations hazard":

    **a**.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned. However, your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\* \* \*

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**21.** "Your product":

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)** The providing of or failure to provide warnings or instructions.

        **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**    "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

32.    The Policy contains several exclusions that bar coverage for selected actions and occurrences, including the following:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

\* \* \*

**2.**    **Exclusions**

This insurance does not apply to:

    **a.**    **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    **b.**    **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of

liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**j.** **Damage To Property**

"Property damage" to:

**\*\*\***

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**2. Exclusions**

This insurance does not apply to:

a. **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**d.   Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e.   Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f.   Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**g.   Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

\* \* \*

33. Endorsement MUS 01 01 20063 1013 to the Policy excludes payment of punitive damages:

**PUNITIVE DAMAGES EXCLUSION**
\* \* \*
This insurance does not apply to any fines, penalties, punitive damages, exemplary damages, treble damages or the multiplication of compensatory damages.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

(Against All Defendants)

34. MUSIC re-alleges and incorporates the allegations in paragraphs 1-33 as though set forth here in full.

35. MUSIC contends that it has no legal duty to defend or indemnify C.

Delgado in the Underlying Cross-Complaint, because of the above-cited conditions, exclusions and other applicable provisions of the Policy. Nevertheless, MUSIC accepted C. Delgado's tender and agreed to defend C. Delgado in the Underlying Cross-Complaint under a strict reservation of rights. MUSIC explained its position to C. Delgado in a letter on April 27, 2018. A true and correct copy of MUSIC's April 27, 2018 Reservation of Rights letter is attached and incorporated in this Complaint as **Exhibit 3**.

36. On February 5, 2018, David Outwater, counsel for FBH and the Rickmeyers, emailed MUSIC a copy of the Underlying Cross-Complaint. In his email, Mr. Outwater stated that the Underlying Cross-Complaint had been filed against "[MUSIC's] insured, Cedelco Construction, Inc."

37. MUSIC contends that Cedelco Construction, Inc., does not qualify as an insured under the Policy. On the other hand, Mr. Outwater's email, and allegations in the Underlying Cross-Complaint about the relationship between C. Delgado and Cedelco Construction, Inc. (as opposed to the fictitious business name Cedelco Construction under which C. Delgado operated as a sole proprietor) indicate that FBH and the Rickmeyers believe that the Policy covers Cedelco Construction, Inc.

38. There presently exists a controversy between MUSIC and defendants, and each of them, in that MUSIC contends that there is no potential for coverage under the Policy for the claims brought against C. Delgado in the Underlying Cross-Complaint, and no potential for coverage under the Policy for Cedelco Construction, Inc., and therefore MUSIC does not, and did not at any time, have a duty to defend or indemnify anyone in the Underlying Cross-Complaint. MUSIC is informed and believes that each of the defendants contends otherwise.

39. Based on the foregoing provisions of the Policies, there is no possibility for coverage under them for the claims or causes of action in the Underlying Cross-Complaint.

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

40. Wherefore MUSIC seeks a judicial determination from this court that MUSIC does not, and did not at any time, have a duty to defend or indemnify anyone in the Underlying Cross-Complaint.

### SECOND CAUSE OF ACTION – REIMBURSEMENT

(Against Defendant CESAR DELGADO dba CEDELCO CONSTRUCTION)

41. MUSIC re-alleges and incorporates the allegations in paragraphs 1-34 and 35-39 as though set forth here in full.

42. MUSIC has incurred, continues to incur and in the future will incur, expenses associated with defending C. Delgado in the Underlying Cross-Complaint, including but not limited to attorneys fees and costs of suit, in an amount exceeding $75,000.00. The amount of these expenses will be proven at trial.

43. Because MUSIC does not, and did not at any time, have a duty to defend C. Delgado in the Underlying Cross-Complaint, C. Delgado is liable for the expenses MUSIC has incurred and continues to incur in defending C. Delgado in that lawsuit, including without limitation attorneys fees and costs of suit. MUSIC seeks reimbursement of such expenses from C. Delgado.

44. While MUSIC defends C. Delgado in the Underlying Cross-Complaint, should an opportunity arise to settle the claims against C. Delgado for a reasonable amount within the applicable Policy limits, MUSIC may reach such a reasonable settlement and thereafter MUSIC will be entitled to reimbursement from C. Delgado for any and all portions of such settlement amount representing payment for damages that are not covered by the Policy.

/ / /
/ / /
/ / /
/ / /
/ / /

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

# PRAYER FOR RELIEF

WHEREFORE, MUSIC prays for judgment against defendants as follows:

**First Cause of Action (as to All Defendants)**

(a) For a declaration that MUSIC does not and never had a duty under the Policy to defend or indemnify anyone in the Underlying Cross-Complaint;

**Second Cause of Action (as to Defendant C. Delgado)**

(b) For attorneys' fees and litigation expenses MUSIC has incurred and continues to incur in defending C. Delgado in the Underlying Cross-Complaint, according to proof;

(c) For that portion of any amount paid by MUSIC to settle the claims against C. Delgado in the Underlying Cross-Complaint which represents payment for settlement of claims of liability for damages not covered by the Policy, according to proof;

**As To Both Causes of Action**

(d) For costs of suit incurred in this action, according to proof;

(e) For such other relief as the Court may deem just and proper.

DATED: September 25, 2018        PACIFIC LAW PARTNERS, LLP

/s/ David B.A. Demo
DAVID B.A. DEMO
ANDREW P. COLLIER
Attorneys for Plaintiff
MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY