1  DAVID E. OUTWATER (State Bar No. 178093)
   *doutwater@oplawyers.com*
2  RANDI E. PINCKES (State Bar No. 182377)
   *rpinckes@oplawyers.com*
3  OUTWATER & PINCKES, LLP
   900 Roosevelt
4  Irvine, CA  92620
   Telephone: (949) 748-7480
5  Facsimile: (949) 748-7481

6  Attorneys for Defendants Four Boys Holdings, LLC;
   Jaros Rickmeyer and Susan Rickmeyer
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SOUTHERN DIVISION**

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>CESAR DELGADO d/b/a CEDELCO CONSTRUCTION, an individual and sole proprietor; FOUR BOYS HOLDINGS, LLC, a limited liability company as trustee of FOUR BOYS TRUST, an entity; JAROS RICKMEYER, an individual; SUSAN RICKMEYER, an individual; and CEDELCO CONSTRUCTION, INC.,<br><br>                    Defendants. | Case No.: 8:18-cv-01391-JVS-ADS<br><br>**DEFENDANTS FOUR BOYS HOLDINGS, LLC, JAROS RICKMEYER AND SUSAN RICKMEYER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:  Hon. James V. Selna<br>Crtrm:  10C<br>Complaint Filed:  08/18/18 |

22  / / /
23  / / /
24  / / /

OUTWATER &
PINCKES, LLP
ATTORNEYS AT LAW

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Four Boys Holdings, LLC, Jaros Rickmeyer and Susan Rickmeyer (hereinafter "Defendants"), on behalf of themselves and no other parties, hereby respond to the First Amended Complaint (hereinafter "Complaint") filed by Plaintiff Mesa Underwriters Specialty Insurance Company (hereinafter "Plaintiff"), and admit, deny, or state they do not have sufficient knowledge to respond, as follows:

1. Responding to the allegations of paragraph 1 of the Complaint, Defendants are without sufficient information to admit or deny Plaintiff's citizenship or residency.

2. Responding to the allegations of paragraph 2 of the Complaint, Defendants respond that Defendant Cesar Delgado, and/or others with whom he may be affiliated (including his family members), confusingly use the purported fictitious business name "Cedelco Construction" and sometimes "Cedelco Construction, Inc." in connection with the operations of a construction business operated, at least in part by Defendant Cesar Delgado. Defendants are without sufficient information to admit or deny whether either of these entities are sole proprietorships.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5.

6. Responding to the allegations of paragraph 6 of the Complaint, Defendants are without sufficient information to admit or deny this allegation, and in an abundance of caution deny the allegation that these entities and/or fictitious business name are "separate and distinct."

7. Responding to the allegations of paragraph 7 of the Complaint, Defendants are without sufficient information to admit or deny Plaintiff's citizenship or residency.

8. Defendants admit the allegations of paragraph 8.

9. Responding to the allegations of paragraph 9 of the Complaint, Defendants are without sufficient information to admit or deny this allegation.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Responding to the allegations of paragraph 11 of the Complaint, Defendants respond that a different company was hired to handle the demolition, but Defendants otherwise admit the allegations of paragraph 11 of the Complaint.

12. Defendants respond to the allegations of paragraph 12 by responding that the Cross-Complaint filed by Defendants in the underlying state case speaks for itself.

13. Defendants admit Midoros and its affiliates abandoned the construction project in or about July 2017.

14. Defendants admit the allegations of paragraph 14, except that the referenced Complaint was not filed by Cesar Delgado on behalf of, nor mention made of, any purportedly fictitious business name.

15. Defendants admit the allegations of paragraph 15, except that the referenced Underlying Cross-Complaint (hereinafter "Cross-Complaint) named Cesar Delgado as a cross-defendant, and makes no mention of any purportedly fictitious business name.

16. Responding to the allegations of paragraph 16 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

17. There is no paragraph 17 of the Complaint to which a response could be provided.

18. Responding to the allegations of paragraph 18 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

19. Responding to the allegations of paragraph 19 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

20. Responding to the allegations of paragraph 20 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

21. Responding to the allegations of paragraph 21 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

22. Responding to the allegations of paragraph 22 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

23. Responding to the allegations of paragraph 23 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

24. Responding to the allegations of paragraph 24 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

25. Responding to the allegations of paragraph 25 of the Complaint, Defendants respond that the referenced Cross-Complaint, which Plaintiff attached as Exhibit 1, speaks for itself as to the allegations and causes of action asserted therein.

26. Responding to the allegations of paragraph 26 of the Complaint, Defendants are without sufficient information to admit or deny, but reasonably presume that the Cross-Complaint was tendered to Plaintiff for defense and indemnity.

27. Responding to the allegations of paragraph 27 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

28. Responding to the allegations of paragraph 28 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

29. Responding to the allegations of paragraph 29 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

30. Responding to the allegations of paragraph 30 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

31. Responding to the allegations of paragraph 31 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

32. Responding to the allegations of paragraph 32 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

33. Responding to the allegations of paragraph 33 of the Complaint, Defendants respond that the referenced Policy, and its endorsements and related forms, which Plaintiff attached as Exhibit 2, speaks for itself and as may be governed and interpreted by application of California law.

34. Responding to the allegations of paragraph 34 of the Complaint, Defendants state that this paragraph does not contain any factual allegations to which a response is required.

35. Responding to the allegations of paragraph 35 of the Complaint, Defendants deny the allegations in this paragraph with respect to the legal conclusions and legal argument, but admit that Plaintiff appears to have at least partially accepted defense of Cesar Delgado on the Cross-Complaint in the underlying case filed by the Defendants herein. Responding to the remainder of the allegations of paragraph 35, Defendants do not have sufficient information in order to admit or deny.

36. Responding to the allegations of paragraph 36 of the Complaint, Defendants admit that the undersigned counsel sent the underlying Cross-Complaint, via email on February 5, 2018, to Ms. Zulma at Save In Insurance.

37. Responding to the allegations of paragraph 37 of the Complaint, this contains primarily a statement of Plaintiff's legal contentions or statements of purported "beliefs" of certain parties, not factual assertions to which a response is required.

38. Responding to the allegations of paragraph 38 of the Complaint, Defendants admit there is a controversy between Plaintiffs and its insured(s).

39. Responding to the allegations of paragraph 39 of the Complaint, Defendants deny the allegations, which consists of Plaintiff's legal contention.

40. Responding to the allegations of paragraph 40 of the Complaint, Defendants deny the allegations, which consists of Plaintiff's legal contentions and/or requested relief.

41. The allegations of paragraph relate to a claim for relief not asserted against these Defendants, and therefore Defendants neither admit nor deny the factual allegations contained in this paragraph.

42. The allegations of paragraph relate to a claim for relief not asserted against these Defendants, and therefore Defendants neither admit nor deny the factual allegations contained in this paragraph.

43. The allegations of paragraph relate to a claim for relief not asserted against these Defendants, and therefore Defendants neither admit nor deny the factual allegations contained in this paragraph.

44. The allegations of paragraph relate to a claim for relief not asserted against these Defendants, and therefore Defendants neither admit nor deny the factual allegations contained in this paragraph.

These Defendants further deny Plaintiffs' Prayer For Relief as stated in the Complaint as directed at these Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim for Relief)**

1. These answering Defendants are informed and believe, and on that basis, contend, that the Complaint and each purported cause of action asserted therein against these answering Defendants, fails to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2. These answering Defendants are informed and believe, and on that basis contend, that by virtue of Plaintiff's unreasonable delays, which delays have caused prejudice, the Complaint and each cause of action therein is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

3. These answering Defendants are informed and believe, and on that basis contend, that Plaintiff is estopped from asserting the claims for relief, and from seeking the relief prayed for, in its Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. These answering Defendants are informed and believe, and on that basis contend, that Plaintiff's claims are barred by unclean hands from asserting any of the rights alleged or remedies requested in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Other Defenses)

5. These answering Defendants reserve the right to add affirmative defenses and other defenses that are identified through discovery or further investigation.

///
///
///

1     WHEREFORE, these answering Defendants pray for judgment as follows:

2     (1)    For judgment that Plaintiff take nothing by reason of its Complaint;

3     (2)    That the Complaint be dismissed, with prejudice, as to these

4     answering Defendants;

5     (3)    For an award of costs of suit incurred herein; and

6 Such other relief as this Court deems just and equitable.

DATED: November 8, 2018

OUTWATER & PINCKES, LLP

By: _____
David E. Outwater, Esq.
Randi E. Pinckes, Esq.
Counsel for Defendants Four Boys Holdings, LLC, Jaros Rickmeyer and Susan Rickmeyer

# DEMAND FOR JURY TRIAL

TO THE PARTIES, THEIR ATTORNEYS OF RECORD, AND TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that Defendants Four Boys Holdings, LLC, Jaros Rickmeyer and Susan Rickmeyer hereby demand a trial by jury of all matters so triable in the above cause.

Dated: November 8, 2018

OUTWATER & PINCKES, LLP

By: _____
David E. Outwater, Esq.
Randi E. Pinckes, Esq.
Counsel for Defendants Four Boys Holdings, LLC, Jaros Rickmeyer and Susan Rickmeyer

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I hereby certify that (1) I am an attorney admitted to appear before this court and (2) on November 8, 2018, I caused a true and correct copy of **DEFENDANT FOUR BOYS HOLDINGS, LLC, JAROS RICKMEYER AND SUSAN RICKMEYER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be electronically served by filing it through the CM/ECF system, which will automatically give notice to all counsel of record.

Executed on **November 8, 2018**, at Irvine, California.

Randi E. Pinckes

OUTWATER & PINCKES, LLP
ATTORNEYS AT LAW

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**